# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTHONY CARTER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No. 18-0589** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **PITCAIRN POLICE OFFICER JOHN** | ) | |
| **DOE #1, MONROEVILLE POLICE** | ) | |
| **OFFICER JOHN DOE #2,** | ) | |
| **MONROEVILLE POLICE OFFICER** | ) | |
| **JOHN DOE #3, MONROEVILLE** | ) | |
| **POLICE OFFICER JOHN DOE #4,** | ) | |
| **MONROEVILLE POLICE OFFICER** | ) | |
| **JOHN DOE #5, BOROUGH OF** | ) | |
| **PITCAIRN, PITCAIRN POLICE** | ) | |
| **DEPARTMENT, PITCAIRN CHIEF OF** | ) | |
| **POLICE JOHN DOE #6, BOROUGH** | ) | |
| **OF MONROEVILLE, MONROEVILLE** | ) | |
| **POLICE DEPARTMENT, and** | ) | |
| **MONROEVILLE CHIEF OF POLICE** | ) | |
| **JOHN DOE #7,** | ) | |
| **Defendants.** | | |

## OPINION AND ORDER

This prisoner *pro se* civil rights case has been referred to United States Magistrate Judge Cynthia Reed Eddy for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(A) and (B), and Local Rule of Civil Procedure 72.

On March 28, 2019, the Magistrate Judge issued a Report (ECF No. 47), recommending that the Borough of Monroeville's Motion to Dismiss (ECF No. 31) be granted on the grounds that the claims against it are barred by the applicable two-year statute of limitations. The parties were informed that in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b0(1)(B) and (C), and Local Rule of Court 72.D.2, that Plaintiff had until April 16, 2019, to file any

objections. On April 18, 2019, the Court received the instant objections by Plaintiff, which are dated April 12, 2019. (ECF No. 48). Under the prisoner mailbox rule, the Court will deem Plaintiff's objections as timely filed. For the reasons that follow, after *de novo* review, the Court finds that Plaintiff's objections do not undermine the recommendation of the Magistrate Judge. The Motion to Dismiss will be granted and the Report and Recommendation will be adopted as the opinion of the Court, as supplemented herein.

The filing of timely objections requires the district judge to "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); Fed.R.Civ.P. 72(b)(3). In doing so, the district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b)(3).

The Court has reviewed Plaintiff's objections and concludes that the recommendation to grant the Motion to Dismiss is sound. The only involvement the Borough of Monroeville police officers had with Plaintiff occurred on the date of his arrest, May 8, 2016. According to the allegations of the Amended Complaint, Plaintiff asked to be taken to the hospital upon his arrest because he,

> had a gash on his head, dazed and confused, was unconscious and still bleeding . . . [he] had a excruciating headache, his vision was blurred, could barely move, couldn't stand or walk straight. . . I should have been taken to a hospital for a CT scan or MRI of my brain and I should've received stitches or staples.

Amended Complaint, ¶ 5. (ECF No. 21). Plaintiff did not file his Amended Complaint, in which he added the Borough of Monroeville and its police officers, until August 18, 2018, three months

after the statute of limitations period had run. Plaintiff's argument, that his claims against the Borough of Monroeville and its police officers are not barred "as long as the medical need remained untreated", Obj. at 2, is without merit. As the Report and Recommendation explains, "the limitations period begins to run from the time the plaintiff knows or has reason to know of the injury which is the basis of the section 1983 claim." *Genty v. Resolution Trust Corp.*, 937 F.2d 899, 919 (3d Cir. 1991).

Moreover, the Court finds that Plaintiff's argument, that notice should be imputed to the Borough of Monroeville because the Boroughs of Pitcairn and Monroeville are "closely related," is also without merit. The two boroughs do not share an attorney and filing suit against the Borough of Pitcairn did not provide notice to the Borough of Monroeville.

For the reasons stated above, and after *de novo* review of the pleadings and documents in the case, including the Motion to Dismiss and brief in support, and the brief in opposition, together with the Report and Recommendation, and objections thereto, the Court finds that Plaintiff's objections do not undermine the recommendation of the Magistrate Judge. Therefore, the Motion to Dismiss filed by the Borough of Monroeville will be granted and the Report and Recommendation is adopted as the Opinion of the Court, as supplemented. Defendants, Monroeville Police Officer John Doe #2, Monroeville Police Officer John Doe #3, Monroeville Police Officer John Doe #4, Monroeville Police Officer John Doe #5, the Borough of Monroeville, the Monroeville Police Department, and the Monroeville Chief of Police John Doe #7, are **DISMISSED.**

This matter will proceed based upon the claims raised in the Amended Complaint against Pitcairn Police Officer John Doe #1, the Borough of Pitcairn, Pitcairn Police Department, and Pitcairn Chief of Police John Doe #6.  This matter is referred back to the Magistrate Judge for further proceedings.

**IT IS SO ORDERED.**


Dated: April 24, 2019                    /s *Marilyn J. Horan*
                                         Marilyn J. Horan
                                         United States District Court Judge


cc:      ANTHONY CARTER
         167846
         Allegheny County Jail
         950 2nd Avenue
         Pittsburgh, PA 15219
         (via U.S. First Class Mail)

         All counsel of record
         (via ECF electronic notification)